UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

ALEX REYES,                                                                              23-cv-01093

              Plaintiff,                                                                 **COMPLAINT**

  -against-

QUESOS LA RICURA, LTD.,

              Defendant.

-----------------------------------------------------------X

      Plaintiff, ALEX REYES ("Plaintiff"), by and through his attorneys, THE NHG LAW GROUP, P.C., as and for his Complaint against Defendant, QUESOS LA RICURA, LTD. ("Defendant"), respectfully alleges as follows:

## JURISDICTION AND VENUE

      1.     Plaintiff brings this action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. Section 2601 *et seq.*, to recover damages he has suffered as a result of Defendant's interference with and retaliation for asserting his FMLA rights, among other forms of relief sought.

      2.     Jurisdiction over Plaintiff's FMLA claims is based upon 28 U.S.C. Section 1331 and 29 U.S.C. Section 2617.

      3.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

      4.     Plaintiff is an adult male who resides in the State of New York.

      5.     Upon information and belief, Defendant is a domestic business corporation duly organized and existing under the laws of the State of New York.

## FACTS

6. Defendant maintains a principal place of business located at 225 Park Avenue, Hicksville, New York 11801.

7. Defendant employed Plaintiff from in or about October 2018 until on or about June 1, 2022 in their Hicksville, New York production plant.

8. In or about February 2022, Plaintiff requested protected leave from Defendant's human resources department ("HR") to care for his wife and newborn child, who was born in early-February 2022.

9. At no time did Defendant give Plaintiff any information about FMLA leave or encouraged him to submit a leave request pursuant to the FMLA, despite Defendant being well-aware of Plaintiff's need to take protected leave for the care of his newborn child.

10. In fact, HR informed Plaintiff that he was not eligible for protected leave under the FMLA.

11. Nevertheless, Plaintiff took leave starting March 7, 2022 through May 29, 2022.

12. On May 30, 2022, Plaintiff was ready, willing, and able to return to work; however, Defendant's business was closed due to the Memorial Day holiday.

13. On May 31, 2022, Plaintiff returned to work but, without explanation, HR told him to leave and to return the next day.

14. On June 1, 2022, Plaintiff returned to work and was immediately terminated by Defendant's general manager.

15. Defendant failed to protect Plaintiff's job while he was on protected FMLA leave and, in violation of the FMLA, terminated Plaintiff for engaging in the lawful activity of enforcing his employment rights.

16. Defendant employed Plaintiff for at least twelve (12) months prior to him requesting protected leave.

17. Plaintiff worked at least one-thousand two-hundred fifty (1,250) hours during the previous twelve (12) months of his employment.

18. Upon information and belief, at all relevant times to this action, Defendant employed more than fifty (50) employees each workday during at least twenty (20) workweeks during the applicable year.

19. Defendant terminated Plaintiff's employment because Plaintiff requested and took paternity leave, which was covered by the FMLA.

20. Defendant terminated Plaintiff's employment because Plaintiff was entitled to and sought up to twelve (12) weeks of protected leave.

21. Upon information and belief, Defendant failed to post notifications and/or posters regarding their employees' FMLA rights in the workplace.

22. At no time did Defendant ever give Plaintiff any of the notifications required pursuant to the FMLA nor did Defendant provide Plaintiff with any information regarding his rights pursuant to the FMLA.

23. Defendant's actions were a violation of Plaintiff's FMLA rights and constitute interference, discrimination, and retaliation.

24. Defendant would not have terminated Plaintiff but for his requests for paternity leave, which is protected under the FMLA.

25. Plaintiff was entitled to the rights and benefits of the FMLA, including protected leave for up to twelve (12) weeks, and Defendant failed to make him aware of his rights under the law.

26. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, he has suffered and continues to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation, as well as future pecuniary and non-pecuniary losses.

27. Defendant acted intentionally and intended to harm Plaintiff.

28. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands liquidated and punitive damages, as applicable by law, as against Defendant.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2601 *ET SEQ.*
### INTERFERENCE AND RETALIATION

29. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

30. Section 2612 of the FMLA entitles, in pertinent part, eligible employees to a total of twelve (12) workweeks of leave during any twelve-month period because of the birth of a son or daughter of the employee and in order to care for such son or daughter. 29 U.S.C. 2612(a)(1)(A).

31. As alleged herein, Plaintiff was a covered employee under the FMLA.

32. As alleged herein, Defendant was a covered employer under the FMLA.

33. As alleged herein, Plaintiff was entitled to a total of twelve (12) workweeks of leave because of the birth of his child and in order to care for such child.

34. Section 2615 of the FMLA states, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. 2615(a)(1).

35. Section 2615 of the FMLA further states, "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. 2615(a)(2).

36. Pursuant to the FMLA and the Regulations pertaining thereto, upon an employee's request to take FMLA leave, or upon an employer acquiring knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances (the "Eligibility Notice"). 29 C.F.R. § 825.300(b).

37. Pursuant to the FMLA and the Regulations pertaining thereto, an employer is required to provide, along with the Eligibility Notice, a written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations (the "Rights and Responsibilities Notice"). 29 C.F.R. § 825.300(c).

38. Pursuant to the FMLA and the Regulations pertaining thereto, when an employer has enough information to determine whether the leave is being taken for a FMLA-qualifying reason, the employer is required to designate leave as FMLA-qualifying, and to give notice of the designation to the employee as provided in this section within five business days, absent extenuating circumstances (the "Designation Notice"). 29 C.F.R. § 825.300(d).

39. Pursuant to the FMLA and the Regulations pertaining thereto, an employer's failure to follow the aforementioned notice requirements constitutes an interference with, restraint, or denial of the exercise of an employee's FMLA rights. 29 C.F.R. § 825.300(e).

40. As alleged herein, Plaintiff provided notice to Defendant of his need to take leave in order to care for his newborn child.

41. By the above-alleged conduct, Defendant acquired knowledge that Plaintiff's leave may be for an FMLA-qualifying reason when Plaintiff requested paternity leave.

42. By the above-alleged conduct, Defendant unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by failing to provide Plaintiff with an Eligibility Notice, a Rights and Responsibilities Notice, and/or a Designation Notice within the time required by the FMLA and the regulations pertaining thereto.

43. By the above-alleged conduct, Defendant unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by failing to inform or notify Plaintiff of any of his rights pursuant to the FMLA.

44. By the above-alleged conduct, Defendant unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by interfering with Plaintiff's actual or impending protected status under the FMLA by failing to provide such notices to Plaintiff.

45. By the above-alleged conduct, Defendant unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by interfering with Plaintiff's actual or impending protected status under the FMLA by terminating him at his return from protected leave.

46. By the above-alleged conduct, Defendant unlawfully denied Plaintiff benefits to which he was entitled under the FMLA by terminating him for using protected leave to which he was legally entitled under the FMLA.

47. Defendant has acted willfully and either knew that its conduct violated the FMLA or has shown a reckless disregard for the matter of whether its conduct violated the FMLA.

48. Defendant has not acted in good faith with respect to the conduct alleged herein.

49. As a result of Defendant's violations of the FMLA, Plaintiff has incurred and will continue to incur harm and loss in an amount to be determined at trial and is entitled to be reinstated

to his former position, along with all the terms, conditions, and benefits thereof, and to recover from Defendants lost wages, lost salary, lost employment benefits, interest at the prevailing rate, liquidated damages, reasonable attorneys' fees, reasonable expert witness fees, and costs incurred in prosecuting this action. 29 U.S.C. § 2617(a).

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, THE NHG LAW GROUP, P.C., demands judgment against Defendant and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declaring Defendant's conduct to be in violation of Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. Section 2601 *et seq*.; and,

B. Awarding Plaintiff reinstatement to his former position with Defendant, along with all the terms, conditions, and benefits thereof; and,

C. Awarding Plaintiff lost wages, back-pay, front-pay, pre- and post-judgment interest, lost fringe benefits, compensatory damages, liquidated damages, punitive damages, costs, and attorney's fees for Defendant's willful violations of the FMLA; and,

D.  Awarding Plaintiff such other, further, and/or different relief as to this Court deems just and proper.

Dated: Massapequa, New York
February 9, 2023

                            THE NHG LAW GROUP, P.C.

                            _____
                            By: Keith E. Williams, Esq.
                            *Attorneys for the Plaintiff*
                            4242 Merrick Road
                            Massapequa, New York 11758
                            Tel: 516.228.5100
                            keith@nhglaw.com
                            nhglaw@nhglaw.com